# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MATTHEW SCOTT WHITE,

    Plaintiff,

vs.

RENE BAKER et al.,

    Defendants.

3:15-cv-00262-RCJ-VPC

**ORDER**

This is a prisoner civil rights complaint under 42 U.S.C. § 1983.  Plaintiff Matthew White is a prisoner in the custody of the Nevada Department of Corrections at Ely State Prison in Ely, Nevada.  He has sued several Defendants in this Court for various constitutional and statutory violations.  The Court dismissed the Complaint under 28 U.S.C. § 1915A in part, with leave to amend.  The Court now screens the First Amended Complaint ("FAC").

## I.  LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is

provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal

conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     ANALYSIS

### A.     Counts I and II

Plaintiff previously alleged Defendants violated his rights under the Free Exercise Clause of the Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying his requests for a diet consistent with his religious beliefs.  The Court dismissed the claims, with leave to amend, noting that Plaintiff must allege the specific accommodations he requested, how Defendants denied his request, and how the denial constituted a substantial burden on his religious exercise.  Without such allegations, the Court could not find that Plaintiff had sufficiently alleged that the denial was not within the scope of prison officials' discretion for purposes of the First Amendment, *see Thornburgh v. Abbott*, 490 U.S. 401, 414–18 (1989); *Turner v. Safley*, 482 U.S. 78 (1987), or that it was a substantial burden on his religious exercise and not the least restrictive means of furthering a compelling state interest under RLUIPA, *see* 42 U.S.C. § 2000cc-1(a)(1)–(2).

Plaintiff now alleges that as a Heraklean, he requires a "'sacred Heraklean diet' (consisting of high protein natural and organic cuisine only) (natural and organic are defined as the same)." He alleges that when he submitted requests for such a diet, Byrne and Sandoval verbally denied his requests because his religion was not recognized, but that they would look into the request.  Byrne, Sandoval, and Mallinger failed to respond to subsequent written requests.  Drain and Baker responded to separate requests in writing that Plaintiff's faith was not recognized.  The Court will not dismiss either the Free Exercise claim or the RLUIPA claim at

this time. The Court cannot say that the applicable least restrictive means test or even the more lenient *Turner* test is satisfied in the context of a religious diet claim without any evidence from Defendants. *See, e.g.*, *Shakur v. Shapiro*, 514 F.3d 878, 885–891 (9th Cir. 2008).

### B.   Counts III and IV

Plaintiff previously alleged Defendants violated his rights under the Free Exercise Clause and RLUIPA by denying him possession of religious artifacts. The Court dismissed the claims, with leave to amend noting that Plaintiff must allege what religious artifacts he requested, how Defendants denied his request, and how the denial constituted a substantial burden on his religious exercise.

Plaintiff now alleges that the artifacts consist of two metallic rings and one necklace, and that the requests for these items were denied because his religion was not recognized. The Court will not dismiss either the Free Exercise claim or the RLUIPA claim at this time. These items do not on their face appear to implicate significant safety concerns, and the allegation is that they were denied because Plaintiff's religion was not recognized.

### C.   Counts V and VI

Plaintiff previously alleged Defendants violated his rights under the Free Exercise Clause and RLUIPA by denying him the right to participate in group worship. The Court dismissed the claims, with leave to amend, noting that Plaintiff must allege what kind of group worship he requested, how Defendants denied his request, and how the denial constituted a substantial burden on his religious exercise. Plaintiff has failed to make the required allegations in the FAC. The Court therefore dismisses these claims, without leave to amend.

### D.   Counts VII and VIII

Plaintiff previously alleged Defendants violated his rights under the Free Exercise Clause and RLUIPA by failing to recognize his religion. The Court dismissed the claims, with leave to

amend, noting that Plaintiff must allege the nature of his request to have his religion "recognized," how Defendants denied his request, and how the denial constituted a substantial burden on his religious exercise.

Plaintiff now alleges that he submitted required forms under NDOC Administrative Regulation 810 to have his religion recognized, but that his request was denied. The Court dismisses these claims, without leave to amend. There is no constitutional or statutory right to have one's religion recognized. Indeed, a state may not recognize particular religions or condition religious rights on state recognition. Plaintiff's particular grievances as to diet, artifacts, etc., have been appropriately made elsewhere. The Free Exercise Clause and RLUIPA govern Plaintiff's substantive rights.

### E.     Count IX

Plaintiff alleges that Matusek, Jones, and Kirchen retaliated against him by transferring him from the general population to "death row" because Plaintiff intended to file a grievance. He previously alleged Defendants moved him from the general population to "death row" on September 14, 2014 because Plaintiff intended to file a grievance. Specifically, Matousek told Plaintiff to control his cellmate when the cellmate told Matousek that he could not control his own anxiety and could not be housed with another inmate. Plaintiff told Matousek that it was not his job to police other inmates and requested an emergency grievance form. Matousek told Plaintiff that he could not have a grievance form and that if he wanted to file a grievance he could do it from "the hole, because that's where you[']r[e] going." Jones and Kirchen then had Plaintiff moved to "death row," which is part of administrative segregation.

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). "[P]urely retaliatory actions taken against a prisoner for having exercised those rights . . . violate the

Constitution quite apart from any underlying misconduct they are designed to shield." *Id.* To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) . . . that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights [or resulted in separate harm], and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567–68 & n.11 (footnote omitted).

The Court previously dismissed the claim, with leave to amend. Plaintiff did not allege either that the action chilled his filing of a grievance or that it resulted in separate harm. Housing in segregation does not constitute constitutionally cognizable harm unless the conditions are sufficient to constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Hernandez v. Cox*, 989 F. Supp. 2d 1062, 1068–69 (D. Nev. 2013) (Jones, J.) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff had made such allegations. The Court noted that Plaintiff must allege either that his speech was chilled or the conditions and length of time spent on "death row." Plaintiff has not cured these defects, and the Court dismisses this claim, without leave to amend.

### F.    Counts X and XIII

Plaintiff alleges Defendants violated his right to petition the government for redress of grievances under the First Amendment by retaliating against him for filing grievances. He alleges that when he was moved to "death row," Matousek threw out Plaintiff's personal property (eight photo albums, drawings, office supplies, CDs, mail such as letters and greeting cards, and legal papers) because of Plaintiff's stated intention to file a grievance against Matousek. Kerner also held Plaintiff's remaining property in the property room from Plainitff improperly. Even assuming Plaintiff's rights were not actually chilled, prisoners have a

protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The Court previously permitted these claims to proceed.

### G. Counts XI and XII

Plaintiff previously alleged Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment when they deprived him of a mattress for seven days while housed on "death row" (during which time he slept on a cold, metal bed) and permitted him only a tank top shirt, one pair of boxer shorts, one pair of socks, and one pair of shoes. They also denied him clean clothing, a towel, and a laundry bag. The Court dismissed the claim, with leave to amend. Plaintiff now brings the claims as First Amendment retaliation claims. The claims fail, however, for the same reason Count IX fails. The conditions described are not austere enough to implicate a liberty interest in a convicted inmate, and there is no allegation that Plaintiff's petitions for redress were chilled.

## CONCLUSION

IT IS HEREBY ORDERED that a decision on the Application to Proceed in Forma Pauperis (ECF No. 5) is DEFERRED.

IT IS FURTHER ORDERED that Counts I–IV, X, and XIII may PROCEED.

IT IS FURTHER ORDERED that Counts V–IX, XI, and XII are DISMISSED.

Dated this 19th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge