# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW SCOTT WHITE,<br><br>    Plaintiff,<br><br>vs.<br><br>RENE BAKER et al.,<br><br>    Defendants. | 3:15-cv-00262-RCJ-CBC<br><br>**ORDER** |

This is a prisoner civil rights action under 42 U.S.C. § 1983. On July 26, 2018, the Court ordered Plaintiff to file his updated address by August 27, 2018. Over three months after the deadline, Plaintiff has still not complied. District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address).

In determining whether to dismiss an action for one of these reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831.  Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  The Court's July 26, 2018 order stated, "if Plaintiff fails to timely comply with this order, the Court shall dismiss this case with prejudice."

**CONCLUSION**

IT IS HEREBY ORDERED that this action is DISMISSED with prejudice based on Plaintiff's failure to file an updated address in compliance with this Court's July 26, 2018 order.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 14th day of January, 2019.

_____
ROBERT C. JONES
United States District Judge